A CERTIFIED TRUE COPY
ATTEST

By Tanisha Spinner on Oct 16, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 16, 2009

FILED
CLERK'S OFFICE

IN RE: BATTLEFIELD WASTE DISPOSAL LITIGATION

MDL No. 2083

## TRANSFER ORDER

**Before the entire Panel**: Defendants KBR, Inc., Kellogg Brown & Root LLC, Kellogg Brown & Root Services, Inc., and Halliburton Co. move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Maryland. The defendants' motion encompasses thirteen actions pending, respectively, in the Middle District of Alabama, District of Alaska, Southern District of California, Southern District of Georgia, Northern District of Illinois, District of Maryland, District of Minnesota, Western District of Missouri, Western District of New York, Eastern District of North Carolina, Southern District of Texas, Western District of Texas, and District of Wyoming, as listed on Schedule A.[1] Plaintiffs in all actions initially asked for exclusion of one action but now support the motion in its entirety. Plaintiffs also ask the Panel to rename the litigation to "KBR Burn Pit Litigation." Defendants oppose this request.

On the basis of the papers filed and hearing session held, we find that these thirteen actions involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from the defendants' provision of services for the war efforts in Iraq, and most actions concern similar factual questions with respect to services provided in Afghanistan. Specifically, plaintiffs allege that the defendants improperly burned large quantities of unsorted waste in burn pits in Iraq and/or Afghanistan without appropriate safety controls. Some plaintiffs also allege that the defendants did not properly treat water or provided substandard food, or both. Plaintiffs allege that the defendants' conduct caused harm to the plaintiffs and putative class members. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The parties have notified the Panel of nine related actions pending, respectively, in the District of Arizona, Southern District of Florida, District of Hawaii, District of Kansas, Western District of Michigan, Southern District of Ohio, Northern District of Oklahoma, District of South Carolina and District of Utah. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

The District of Maryland stands out as an appropriate forum for this docket. All plaintiffs and defendants in these actions support centralization in this district. Centralization in the District of Maryland, where an action is already pending, permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who has a caseload favorable to accepting this assignment. Also, the district has somewhat of a nexus to the claims given its proximity to federal government facilities in the Washington, D.C., metropolitan area and to the defendants' facilities in northern Virginia.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Roger W. Titus for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that this litigation is renamed "In re: KBR, Inc., Burn Pit Litigation."

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |